UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-22653-CIV-ALTONAGA

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,
a Florida limited liability company,

        Plaintiff,

vs.

SAMSUNG ELECTRONICS CO.,
LTD., *et al*.,

        Defendants.
_____/

## SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Rothschild Storage Retrieval Innovations, LLC ("RSRI"), by and through its undersigned counsel, sues Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Defendants" or "Samsung") and states as follows:

## THE PARTIES

1. RSRI is a limited liability company organized and existing under the laws of the State of Florida, with its registered office and principal place of business located at 1108 Kane Concourse, Suite 310, Bay Harbor Islands, Florida 33154.

2. Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a South Korean entity located at 1320-10, Seocho 2-Dong, Seocho-Gu, Seoul 137-857, South Korea.

3. Upon information and belief, Defendant Samsung Electronics America, Inc. ("SEA"), a wholly-owned subsidiary of Samsung Electronics, Co., Ltd., is a New York entity located at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

4. Upon information and belief, Defendant Samsung Telecommunications America, LLC (a/k/a Samsung Mobile and Samsung Wireless) ("STA"), a wholly-owned subsidiary of Samsung Electronics Co., Ltd., is a Delaware entity located at 1301 E. Lookout Dr., Richardson, Texas 75082.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this controversy is between citizens of different States, and between citizens of a State and citizens or subjects of a foreign state.

7. This Court has personal jurisdiction over Samsung Electronics, SEA, and STA, because the cause of action alleged herein arises from, without limitation:

   a. Samsung Electronics', SEA's, and STA's operating, conducting, engaging in, or carrying on a business or business venture in Florida and/or having an office or agency in Florida, pursuant to Section 48.193(1)(a)(1), Florida Statutes; and/or

   b. Samsung Electronics', SEA's, and STA's committing of one or more tortious acts in Florida, pursuant to Section 48.193(1)(a)(2), Florida Statutes.

8. Personal jurisdiction over Samsung Electronics, SEA, and STA is also proper under Section 48.193(2), Florida Statutes, because each Defendant is engaged in substantial and not isolated activity within Florida.

9. Samsung Electronics, SEA, and STA have had sufficient minimum contacts with Florida to satisfy constitutional due process requirements, such that the maintenance of the suit in this State and District does not offend traditional notions of fair play and substantial justice. Specifically and without limitation, Plaintiff's cause of action arises directly from each Defendant's business contacts and other activities in Florida and this District, each Defendant has purposefully and voluntarily availed itself of the privilege of conducting business and other commercial activities within Florida and this District by continuously and systematically placing goods into the stream of commerce through an established distribution channel with the expectation that such goods will be purchased by consumers in Florida and this District, and each Defendant's contacts with Florida and this District are such that each of them should reasonably anticipate being haled into court in this District.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), in that, each Defendant is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue. Upon information and belief, each Defendant has committed acts of infringement in this District giving rise to this action and does business in this District, including making sales and/or providing service and support for their respective customers in this District.

11. Upon information and belief, Samsung Electronics may be served at 1320-10, Seocho 2-Dong, Seocho-Gu, Seoul 137-857, South Korea, via an officer, a managing or general

agent, or any other agent authorized by appointment or by law to receive service of process on Samsung Electronics' behalf.

12. SEA's registered agent for service of process in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

13. Upon information and belief, STA's registered agent for service of process in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

## COUNT I – PATENT INFRINGEMENT
## INFRINGEMENT OF U.S. PATENT NO. 8,437,797

### (ALL DEFENDANTS)

14. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-13 above as though fully set forth herein.

15. U.S. Patent No. 8,437,797 (the '797 Patent"), titled "Wireless Image Distribution System and Method," was duly and legally issued by the United States Patent and Trademark Office on May 7, 2013, and invented by Leigh M. Rothschild. By assignment, RSRI is the owner of all rights, title, and interest in and under the '797 Patent. A true and correct copy of the '797 Patent is attached hereto as Exhibit A.

16. Each and every claim of the '797 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. *See* 35 U.S.C. § 282.

17. Defendants have at no time, either expressly or impliedly, been licensed under the '797 Patent.

18. RSRI is informed and believes, and thereupon alleges, that Defendants, without authorization or license, have been, and are currently directly or indirectly infringing one or more claims of the '797 Patent in violation of 35 U.S.C. § 271, including as stated below.

4

19.     RSRI is informed and believes, and thereupon alleges, that Defendants have directly infringed, literally and/or under the doctrine of equivalents, and will continue to directly infringe each patent claim of the '797 Patent by making, using, selling, offering to sell, and/or importing into the United States products that embody or practice the apparatus and/or method covered by one or more claims of the '797 Patent, including but not limited to Android devices such as Samsung's Galaxy S5, S4, S3, Note III, Note II, Tab 3, and Tab 2; and Windows devices such as Samsung's ATIV S Neo (collectively referred to as "Accused Products"). The Accused Products' infringing functionalities include but are not limited to sharing a group of photos based on their geographic location within their "Locations" album to another mobile device.

20.     Samsung has had knowledge of the patent applications that resulted in the '797 Patent or its parent U.S. Patent No. 8,204,437 (the "'437 Patent") since at least as early as September 11, 2012. On that date, Plaintiff corresponded with Samsung and inquired whether Samsung had any interest in purchasing the '437 Patent and its continuation applications, which included subject matter that eventually issued as the '797 Patent. On that same day, Victor Song from Samsung responded and requested for additional information. On September 13, 2012, Plaintiff sent Samsung a list of representative claims within the portfolio and responded to various Samsung inquiries relating to the purchase of the portfolio. On October 18, 2012, Plaintiff's representatives offered to send additional information relating to Plaintiff's patents and applications to Samsung. By November 13, 2012, Samsung had evaluated the '437 Patent and its continuations (including the application that led to the '797 Patent). Samsung has had notice of the '797 Patent through these activities, which continued and culminated in Samsung's receipt of Plaintiff's Original Complaint on July 23, 2014, and are collectively referred to herein as "Notice." On information and belief, since at least their date of Notice, Samsung has actively

induced and continues to induce infringement of the '797 Patent, under 35 U.S.C. § 271(b), attributable to any one person, including but not limited to mobile device users, who buy, use, make, sell, offer for sale, resell, practice, and/or import the Accused Products that fall within the scope of one or more claims of the '797 Patent, literally or under the doctrine of equivalents, without authority, within and/or into the United States, including the Southern District of Florida, and thereby infringe the '797 Patent.

21. As a result of its acts obtaining Notice, Samsung's acts of active inducement have been committed with knowledge. Alternatively, Samsung's acts of active inducement have been committed at least with a subjective belief of a high probability a particular fact existed or was true, and Samsung took deliberate actions (including *inter alia*, continuing acts of infringement despite public records demonstrating a notice of allowance as to the claims of the '797 Patent) to avoid learning the fact that the induced acts constitute infringement of the '797 Patent. On information and belief, Defendants intend to cause, and have taken affirmative steps to induce infringement subject to their direction and control by, *inter alia*, selling, offering to sell, and/or instructing the use of Accused Products with mobile imaging distribution technologies preinstalled in the Accused Products and specifically intended that its customers would infringe the '797 Patent.

22. On information and belief, since at least their dates of notice, Defendants, both individually and/or collectively, have actively induced and continues to induce infringement of the '797 Patent, under 35 U.S.C. § 271(b), attributable to any one person, including but not limited to mobile device users, who buy, use, make, sell, offer for sale, resell, practice, and/or import the Accused Products that fall within the scope of one or more claims of the '797 Patent, literally or under the doctrine of equivalents, without authority, within and/or into the United

States, including the Southern District of Florida, and thereby infringe the '797 Patent. Defendants' acts of active inducement has been committed with knowledge, or at least with willful blindness that the induced acts constitute infringement of the '797 Patent. On information and belief, Defendants, both individually and/or collectively, intend to cause, and have taken affirmative steps to induce infringement subject to their direction and control by, *inter alia*, selling, offering to sell, and/or instructing the use of Accused Products with mobile imaging distribution technologies preinstalled in the Accused Products.

23. As a result of its acts obtaining Notice, Samsung was placed on actual notice of the '797 patent and the allegations of infringement. Despite Samsung's Notice, Samsung continues to willfully sell and offer for sale the Accused Products in an objectively reckless disregard of the likelihood of its continued infringement and is liable for willful infringement of the '797 patent.

24. Defendants' acts of infringement have caused and will continue to cause substantial and irreparable damage to RSRI.

25. As a result of the infringement of the '797 Patent by Defendants, RSRI has been damaged. RSRI is, therefore, entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled but that will be determined at trial.

WHEREFORE, Plaintiff demands entry of judgment against all Defendants as follows:

A. A judgment that Defendants have infringed and continues to infringe the '797 Patent, directly and/or indirectly by way of inducing to infringement of such patents as alleged herein;

B. That Defendants provide to RSRI an accounting of all gains, profits and advantages derived by Defendants' infringement of the '797 Patent, and that

        RSRI be awarded damages adequate to compensate them for the wrongful infringement by Defendants in accordance with 35 U.S.C. § 284;

C.     A judgment that Defendants' infringement has been willful.

D.     A judgment that RSRI be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284;

E.     That RSRI be awarded any other supplemental damages and interest on all damages, including but not limited to reasonable attorneys' fees, available under 35 U.S.C. § 285;

F.     That the Court permanently enjoin Defendants and all those in privity with Defendants from making, having made, selling, offering for sale, distributing and/or using products that infringe the '797 Patent, including the Accused Products, in the United States; and

G.     That RSRI be awarded such other and further relief and all remedies available at law.

## JURY TRIAL DEMAND

Pursuant to FED R. CIV. P. 38(b), RSRI demands a trial by jury on all issues so triable.

Dated: December 2, 2014

    Respectfully submitted,

    DIAZ REUS & TARG, LLP
    100 Southeast Second Street
    3400 Miami Tower
    Miami, Florida 33131
    Telephone: (305) 375-9220
    Facsimile: (305) 375-8050

    */s/Brant Hadaway*
    Michael Diaz, Jr.
    Florida Bar No. 606774
    E-mail: mdiaz@diazreus.com
    Brant C. Hadaway
    Florida Bar No. 494690
    E-mail: bhadaway@diazreus.com
    Xingjian Zhao
    Florida Bar No. 86289
    E-mail: xzhao@diazreus.com

    *Counsel for Plaintiff*

        – AND –

    Michael W. Shore
    Texas Bar No. 18294915
    E-mail: mshore@shorechan.com
    Alfonso G. Chan
    Texas Bar No. 24012408
    E-mail: achan@shorechan.com
    Dustin R. Lo
    Texas Bar No. 24087937
    E-mail: dlo@shorechan.com

    SHORE CHAN DEPUMPO LLP
    901 Main Street, Suite 3300
    Dallas, Texas 75202
    Telephone: (214) 593-9110
    Facsimile: (214) 593-9111

    *Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of December, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing Generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronics Filing.

                                              */s/ Brant Hadaway*
                                              Brant Hadaway

**Service List**

David C. Banker
Anne-Leigh Moe
Bush Ross, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601
dbanker@bushross.com
amoe@bushross.com
jgill@bushross.com (asst – Janet Gill)


FISH & RICHARDSON P.C.
Wasif Qureshi
*Admitted Pro Hac Vice*
E-mail: Qureshi@fr.com
1221 McKinney Street
Suite 2800
Houston, Texas 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

FISH & RICHARDSON P.C.
Michael J. McKeon
*Admitted Pro Hac Vice*
E-mail: McKeon@fr.com
1425 K Street
11th Floor
Washington, DC 20005
Telephone: 202-783-5070

*Counsel for Defendants
Samsung Electronics Co. Ltd.,
Samsung Electronics America, Inc.,
and Samsung Telecommunications
America*