UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:14-cv-22653-CIV-ALTONAGA**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

                Plaintiff*,*

vs.

SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS
AMERICA, INC., and SAMSUNG
TELECOMMUNICATIONS,

                Defendants.

_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

Despite its minimal ties to the Northern District of California, Samsung[1] seeks to divest RSRI[2] of its preferred venue and to transfer this case to the Northern District of California for a perceived litigation advantage. Transfer in this case does not enhance convenience for either party.

Samsung's motion to transfer venue ignores the significant hardship that transfer would impose upon RSRI and its single-parent inventor and Managing Director, in favor of illusory convenience for unidentified Samsung and third-party witnesses with purported knowledge of infringement. Samsung does not discuss the materiality of their witnesses' testimony and does not address that its employee-witnesses can be compelled to testify by their employer. Samsung contends that RSRI's choice of forum should be given no weight—because it allegedly was

_____

[1] "Samsung" refers to Defendants Samsung Electronics Co., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC a/k/a Samsung Mobile and Samsung Wireless.
[2] "RSRI" refers to Plaintiff Rothschild Storage Retrieval Innovations, LLC.

created as "recent, ephemeral, and an artifact of litigation"—despite the Federal Circuit's prior direct rejection of that identical argument when upholding denial of transfer. Each of the Federal Circuit cases cited by Samsung relies on facts not present here – namely that the plaintiff in those cases was formed in a distant venue (the Eastern District of Texas) without any connections to the forum, in contrast to RSRI's inventor's decades of residence in this District.

Samsung has not identified any relevant documents that exist in the Northern District of California. None of Samsung's alleged unidentified third-party witnesses in the Northern District of California are offered with any explanation regarding what material testimony or information is possessed by those witnesses. Instead, Samsung relies on a declaration by a Google employee from an unrelated case involving unrelated technology that has no relevance to the case before this Court. Samsung's motion ignores RSRI's material third-party witnesses, including its former patent prosecuting law firm and accountant, and various individual RSRI witnesses.

Samsung also ignores the significant waste of judicial resources implicated by its requested transfer. If this case is transferred to the Northern District of California, multiple judges will be tasked with the intensive claim construction process, at great risk for inconsistent constructions of the patent at issue. While Samsung might prefer that RSRI protect its intellectual property rights on two coasts, Samsung's preference is not sufficient to impose such waste of judicial and party resources. As a result and as set forth below, Samsung failed to meet its "high" burden to show that transfer is more convenient.

## I.     FACTUAL BACKGROUND

### A.     Leigh Rothschild and RSRI

Leigh Rothschild is an inventor. He filed his first patent application more than 30 years ago, and has since been issued more than 75 patents. *See* Declaration of Leigh M. Rothschild ("Rothschild Dec.") at ¶ 3. President George H.W. Bush appointed Mr. Rothschild to the High-

Resolution Board of the United States, and Governor Jeb Bush appointed Mr. Rothschild to Florida's IT Florida Technology Board. Lo Dec. at Ex. A ¶ 7. Mr. Rothschild has founded multiple companies to utilize his inventions, including IntraCorp, Inc., a Miami-based video game publishing company and Capstone Software, Inc. *Id.* at ¶¶ 5, 6. Mr. Rothschild also founded BarPoint, Inc., a Fort Lauderdale corporation that invented and utilized patented bar-code recognition software and was traded on the NASDAQ stock exchange. *Id.* at ¶ 7.

As graduate of both the undergraduate and graduate schools of the University of Miami, Mr. Rothschild has maintained an active presence with his *alma mater* and the community, including funding an endowment to the University and by forming the "Rothschild Entrepreneurial Prize" at the University's School of Business. *Id.* at ¶ 8. Mr. Rothschild has also given endowments to various local charities and institutions including the Tampa Children's Home and Miami Symphony Orchestra. *Id.*

Transfer would be exceptionally inconvenient for Mr. Rothschild. He is the principal member of more than seven businesses based out of the Southern District of Florida. *See* Rothschild Dec. ¶ 4. All of Mr. Rothschild's personal and business records are located in the Southern District of Florida, as are his CPA, general counsel, and the prosecution counsel used for U.S. Patent No. 8,437,797 (the "'797 patent"). *Id.* ¶ 5. Mr. Rothschild is a single parent, and transfer across the United States (or otherwise) will cause significant inconvenience regarding Mr. Rothschild's personal and child-care obligations. *Id.* ¶ 6.

**B.    RSRI**

Leigh Rothschild formed RSRI to hold and enforce the '797 patent, in this lawsuit and six related lawsuits in this District. *Id.* ¶ 7. RSRI is not a "patent acquisition" company; instead of acquiring patents from others, it was formed by the inventor of the patent-in-suit for assertion of the patent-in-suit. *Id.* ¶ 8. RSRI's principal place of business is in the Southern District of

Florida. *Id.* ¶ 9. RSRI possesses—in this District—documents relating to the conception and prosecution of '797 patent, as well as related and parent applications and patents. *Id.* RSRI also has documents relating to the licensing of the '797 patent. *Id.* ¶ 10. RSRI's outside accountant is in this District, as is its outside general counsel. *Id.* ¶ 11. RSRI has multiple employees, including Leigh Rothschild (Managing Director) and Connie Kazanjian (Executive Vice President). *Id.* Notably, Ms. Kazanjian's husband is scheduled for brain surgery in January of 2015 that would render her travel exceptionally inconvenient during his preparation and recovery period. *Id.* ¶ 12.

### C.    Samsung

Samsung Electronics America, Inc. has headquarters is in New Jersey and is a registered corporation in the state of Florida. Lo Dec. Ex. B, C. Samsung Telecommunications America, LLC, a/k/a Samsung Mobile and Samsung Wireless, is headquartered in Richardson, Texas. Lo Dec. Ex. D. Samsung admits that its products are sold within this District. [DE 43] at n. 4. For purpose of its motion to transfer, however, Samsung claims that "[t]he 'center of gravity' of this dispute is the Northern District of California," and that it "is unaware of any relevant witnesses or evidence in this district." [DE 43] at 16-17.

Publicly-available facts refute Samsung's claims regarding its presence in or around this District. Samsung has current Samsung Mobile employees residing closer to this District than the proposed transferee district, including: (1) a software engineer, Surendran Nagaraj, located in the Dallas/Fort Worth area (Lo Dec. Ex. E); (2) a Sr. software engineer, Mark Suh, also located in the Dallas/Fort Worth area (Lo Dec. Ex. F); (3) an Android Developer, Naman Diwaker, located in Edison, New Jersey (Lo Dec. Ex. G); and (4) an Android Developer, Durairaj Packirisamy, located in Bridgewater, New Jersey (Lo Dec. Ex. H). Richardson, Texas, is around 370 miles closer to this District than the Northern District of California. Lo Dec. Ex. I, J. Edison and

Bridgewater, New Jersey are around 1,477 miles closer to this District than the Northern District of California. Lo Dec. Ex. K, L.

      **D.**     **The current lawsuit**

     RSRI accuses Samsung of infringing the '797 Patent. *See generally* [DE 42]. Specifically, RSRI has accused "Android devices such as Samsung's Galaxy S5, S4, S3, Note III, Note II, Tab 3, and Tab 2; and Windows devices such as Samsung's ATIV S Neo." *Id.* ¶ 19. RSRI alleges that Samsung has had knowledge of the patent-in-suit since at least as early as September 11, 2012, as Plaintiff and Samsung participated in negotiations regarding the portfolio including the patent-in-suit. *Id.* ¶ 20. "[T]hat same day, Victor Song from Samsung responded and requested for additional information." *Id.* Two days later, "Plaintiff sent Samsung a list of representative claims within the portfolio and responded to various Samsung inquiries relating to the purchase of the portfolio." *Id.* "By November 13, 2012, Samsung had evaluated the '437 Patent and its continuations (including the application that led to the '797 Patent)." *Id.* As a result, RSRI contends that Samsung's continued infringement is willful. *Id.* ¶ 23.

     The Court has entered a scheduling order in this case setting a February 22, 2016 trial date [DE 27], and discovery requests are currently pending against Samsung. The Court denied RSRI's request for consolidation, as "the request for 'consolidation' of pre-trial matters is best addressed to the judge having the lowest numbered case – the first case – filed by Plaintiff." [DE 35]. RSRI's motions to consolidate in the other six related cases, including the first-filed case, remain pending.[3]

---

[3] *See, e.g.*, *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (USA) Inc.*, No. 1:14-cv-22652-BB, ECF No. 28 (S.D. Fla.).

## II.     ARGUMENTS AND AUTHORITY

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The burden is on the moving party to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 87- F.2d 570 (11th Cir. 1989). "This burden is high: a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Wi-Lan USA, Inc. v. Alcatel-Lucent USA Inc.* No. 12-23568-CIV, 2013 WL 358385, at *2 (S.D. Fla. Jan. 29, 2013) (internal citations omitted). "[T]o overcome the presumption in favor of [RSRI's] choice of forum, [Samsung] must show the 'balance of the conveniences is *strongly* in favor of the transfer." *Operating Sys. Solutions, LLC. v. Apple, Inc.*, No. 8:11-cv-1754-T-30TGW, Dkt. No. 37 at 3 (M.D. Fla. Jan. 30, 2012) (emphasis in original) (denying motion to transfer case filed by non-practicing entity) (citing *Sterling v. Provident Life and Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1204-06 (M.D. Fla. 2007)), attached at Lo Dec. Ex. M.

### A.     The transfer factors show this case should be maintained in the Southern District of Florida.

RSRI does not dispute that this lawsuit could have been brought in the Northern District of California. As a result, the issue of transfer turns on whether the balance of the conveniences of the witnesses and parties is "strongly" in favor of transfer. *Id.* The relevant factors are: "(1) [RSRI's] initial choice of forum; (2) the convenience of the parties and witnesses; (3) the relative ease of access to sources of proof; (4) the availability of compulsory process for witnesses; (5) the location of relevant documents; (6) the parties' financial ability to bear the cost of the change; and (7) all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Id.* at 4. (citing *Sterling*, 519 F. Supp. 2d at 1204-06).

      *1.     RSRI's choice of forum is entitled to significant weight.*

RSRI's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Id.* (citing *Robison v. Giamarco & Bill, P.C.*, 74, F.3d 253, 260 (11th Cir. 1996)). RSRI is located in the Southern District of Florida, its employees are in this District, its inventor is in this District, and its documents are in this District. Mr. Rothschild, RSRI's Managing Director, has long ties to this District and has lived here for more than 40 years. He is a double graduate of the University of Miami and continues to support his *alma mater* through endowments for the education of like-minded entrepreneurs. "[T]his District serves as Plaintiff's principal place of business, and therefore serves as Plaintiff's 'home' forum." Lo Dec. Ex. N (*Advanced Ground*) at 5 (citing *Waterproof Gear, Inc. v. Leisure Pro., Ltd.*, No. 08-cv-2191-T-33MAP, 2009 WL 1066249, at *6 (M.D. Fla. Apr. 20, 2009)).

Samsung's argument on this factor—that RSRI is "recent, ephemeral, and an artifact of litigation"—not only ignores these facts but has been specifically rejected by the Federal Circuit under nearly-identical factual circumstances. In *In re Apple Inc.*, 456 Fed. Appx. 907, 909 (Fed. Cir. 2012), the Federal Circuit noted that "[a]lthough in [defendant's] papers much is made of [plaintiff's] recent and ephemeral connections to [its chosen venue]—[plaintiff] incorporated in [its chosen venue] and established an office one month before filing this suit—the district court gave that consideration no weight in its analysis" and denied the defendant's writ of mandamus. Citing this opinion, the Middle District of Florida has also disregarded arguments seeking transfer on the grounds that a plaintiff was established "solely for the purpose of litigation" and denied transfer. Lo Dec. Ex. M (*Operating Sys. Solutions*) at 5 (citing *In re Apple, Inc.*, 456 Fed. Appx. at 909); *see also In re Barnes and Noble, Inc.*, 743 F.3d 1381, 1384 (Fed. Cir. 2014) (denying mandamus of denial of transfer order even though "[t]he company is run and operated by the patent owner out of his home.").

Samsung cites to a distinguishable Order transferring a case filed by a non-party, Rothschild Digital Media Innovations, LLC, to the Northern District of California.[4] [DE 43] at 15. There, Judge Middlebrooks found that Defendants had named two key witnesses and Rothschild Digital Media Innovations, LLC had not identified its expert witnesses. Here, the roles are reversed; RSRI has identified its employees (Leigh Rothschild and Connie Kazanjian), accountant, prosecution attorneys of the patent in suit (Cuenot, Forsythe, & Kim, LLC), and prosecution attorneys of the parent to the patent in suit (Peter Matos and Steven M. Greenberg), whereas Samsung alleges only that unidentified witnesses have knowledge of infringement. *Compare* Rothschild Dec. at ¶¶ 5, 13 *with* [DE 44-1] at ¶¶ 5-6. Samsung has come forward with no evidence of any specific witnesses that outweigh RSRI's preferred forum. RSRI, however, has shown that its principal place of business is in this District and that all of its relevant witnesses are in this District. Rothschild Dec. at ¶¶ 5, 9, 11.

Putting aside Samsung's arguments, because "the Amended Complaint alleges willful infringement, however, a number of operative facts exist only as a result of [Samsung's] alleged activity in the Southern District of Florida." *Microspherix LLC. v. Biocompatibles, Inc.*, No. 9:11-cv-80813-KMM, 2012 WL 243764, at *4 (S.D. Fla. Jan. 25, 2012). These facts include RSRI's multiple communications with Samsung, from this District, and Samsung's multiple responses to RSRI's communications, to this District, during which Samsung considered the purchase of the patent in suit and its related portfolio (but declined and accepted the consequences of willfully continuing to infringe). [DE 42] at ¶¶ 20, 23. Each of these facts

---

[4] Samsung attempts to minimize Mr. Rothschild's connections with this case for consideration of the weight given Plaintiff's choice of forum, but to emphasize activities regarding Mr. Rothschild's other entities when it suits Samsung. Samsung cannot have it both ways; either Mr. Rothschild's contacts to this District are relevant to transfer, or Mr. Rothschild's other entities are not.

disproves Samsung's "locus of operative facts" arguments and establishes additional connections to this District that Samsung ignores.

Thus, RSRI's initial choice of forum weighs strongly in favor of RSRI.

2. *The convenience of parties and witnesses weighs in favor of denying transfer.*

Mr. Rothschild is the inventor of the patent in suit and the Managing Director of RSRI. This Court has previously held that the testimony of principals of non-practicing entities "will likely be required in some capacity." Lo Dec. Ex. N (*Advanced Ground*) at 6 (denying transfer). As the inventor, Mr. Rothschild will be required to testify regarding the meaning of the claim terms at issue, whether the accused products infringe, prosecution of the patent in suit, and his understanding of the value of his invention. As corporate representative of RSRI, Mr. Rothschild will be required to testify as to the value of the patent in suit, attempts to license the patent in suit, and other issues regarding damages. All of this testimony will be required at trial, but Mr. Rothschild is a single parent who will be greatly inconvenienced by transfer across the United States. If transfer is granted, he will need to obtain alternate child care over a period of weeks, if not months. The unidentified Samsung witnesses' alleged inconvenience in additional travel and expenses pales in comparison to Mr. Rothschild's child care obligations, particularly when any particular (but as-yet unidentified) Samsung witness likely has co-workers capable of testifying as to the same subject.

Similarly, Connie Kazanjian, RSRI's Executive Vice President will be offered to testify regarding RSRI's business dealings and other licensing issues. Ms. Kazanjian's husband, however, is scheduled for brain surgery in January of 2015 and travel across the United States for trial is exceptionally inconvenient when compared to her responsibilities for his preparation and recuperation. Rothschild Dec. at ¶ 12. Again, no single Samsung witness has similar materiality to the claims at issue nor has Samsung identified any similar inconvenience.

Samsung claims that all its manufacturing and development occurs outside this District. [DE 43] at 16-17; [DE 44-1] at ¶¶ 5-6. But Samsung offers no explanation or discussion of the substance of testimony to be elicited from individuals from Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's witnesses. "[A] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide." *Brandywine Commc'ns Tech., LLC. v. HTC Corp*., No. 6:12-cv-00276-CEH-DAB, Dkt. 42 at 7 (S.D. Fla. Aug. 23, 2012), attached to Lo Dec. at Ex. O. Samsung has not provided the Court with a basis to "qualitatively evaluate" the materiality of any witness with knowledge of infringement.

Samsung Telecommunications America, LLC is headquartered in Richardson, Texas and "researches, develops and markets…handheld wireless phones." Lo Dec. Ex. D. RSRI has identified at least four relevant Samsung employees that reside closer to this District than Samsung's proposed transferee forum: (1) software engineer, Surendran Nagaraj, located in the Dallas/Fort Worth area (Lo Dec. Ex. E); (2) a Senior software engineer, Mark Suh, also located in the Dallas/Fort Worth area (Lo Dec. Ex. F); (3) an Android Developer, Naman Diwaker, located in Edison, New Jersey (Lo Dec. Ex. G); and (4) an Android Developer, Durairaj Packirisamy, located in Bridgewater, New Jersey (Lo Dec. Ex. H). Richardson, Texas, is around 370 miles closer than the Northern District of California. Lo Dec. Ex. I, J. Edison and Bridgewater, New Jersey are around 1,073 miles from this District, but 2,550 miles from the Northern District of California. Lo Dec. Ex. K, L. These specifically-identified witnesses will be required to travel to whatever district in which this case ultimately resides, but this District is much closer to their place of employment. As a result of RSRI's significant connection to this

District, and that Samsung witnesses will be required to travel to either this District of the proposed transferee district, this factor favors denial of transfer. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (discounting foreign witnesses required to travel "a significant distance no matter where they testify" in the convenience analysis when reviewing a denial of transfer).

> 3. *The availability of compulsory process of third-party witnesses weighs against transfer.*

This Court holds that the "most important third-party witnesses are the inventors and the attorneys." *Wi-Lan USA*, 2013 WL 358385, at *4. The prosecution attorneys of the patent in suit, Cuenot, Forsythe, & Kim, LLC, have offices in this District and are no longer employed by RSRI. Rothschild Dec. ¶ 5; Lo Dec. Ex. P. The prosecuting attorneys of the parent to the patent in suit, U.S. Patent No. 8,204,437, are Peter Matos and Steven M. Greenberg and are located in this District and are no longer employed by RSRI. *See* Rothschild Dec. ¶ 13. And Mike Wasserman, RSRI's accountant, is located in this District and has knowledge regarding RSRI's financing and costs. *Id.* ¶ 11. None of these witnesses is likely to voluntarily testify because of the imposition to their continuing practices. But this District can compel their attendance at trial, while the Northern District of California cannot.

Samsung's reliance on alleged third-party Google and *In re Google Inc.*, No. 2014-147, 2014 WL 5032336 (Fed. Cir. Oct. 9, 2014), is misplaced. In *In re Google*, the Federal Circuit vacated the order of the Eastern District of Texas denying a motion to stay litigation against mobile-phone manufacturers in favor of a declaratory-judgment filed by Google in the Northern District of California because: (1) Google filed a declaration that its records, *for that case*, were predominately based in the Northern District of California; and (2) plaintiff's only prospective employee witness was plaintiff's counsel. *Id.* at *3. Because its alleged third-party facts are based upon a declaration from a separate case, Samsung can only make attorney arguments that

relevant technical knowledge and documents relating to the accused products are located within the Northern District of California. [DE 43] at 16-17; *see also* [DE 44-10 ("Dubey Dec.")]. Samsung has submitted no evidence, by sworn declaration from Google or otherwise, regarding the materiality of Google witnesses to ***this case***. But RSRI has established that multiple prospective witnesses, both party and non-party, reside in this District. And Google has not filed any action in the Northern District of California that would indicate Google believes its technology is at issue in this case; there is no judicial efficiency gained by transfer because there is no so-called "manufacturer" case that is accorded preference.

Samsung does not address the relevance of the six Google employees located in Florida. *See* [DE 44-3 (*Am. Navigation*)] at 7. Samsung has presented no evidence that these Floridian Google employees are not involved with the functionality of the accused products. But because Google has an office in this District and is subject to a subpoena here, this factor – "the availability of compulsory process of third party witnesses" – weighs in favor of retaining the case. Lo Dec. Ex. Q.

Even if Samsung had come forward with any evidence of the relevance of Google witnesses, Google Android is "an open-source software stack for a wide range of mobile devices." Lo Dec. Ex. R. This means that Google makes its source code publicly available so that developers can develop applications without license fees. Google thus publishes its "source code" and an "open accessory standard" for accessories to Android phones. *Id.* Any relevant information regarding Google's open-source code is thus publicly-available and witness testimony will not be required. To the extent testimony is required, the relevant testimony is that of Samsung's *application* of Google's open-source code by *Samsung* products, and the relevant testimony will come from Samsung's employees or the parties' respective expert witnesses.

Regarding Samsung's alleged "prior art" witnesses, Samsung does not explain why the location of the authors of the prior art cited in the patent would be relevant at all. [DE 43] at 11-12. "It is highly unlikely that any of these authors would be called to testify at deposition or trial, or that any of their personal records relating to the references would contain relevant information." *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 778 (E.D. Tex. 2009). "[O]ral testimony to establish the existence of allegedly anticipatory devices has long been viewed with skepticism." *Sjolund v. Musland*, 847 F.2d 1573, 1578 (Fed. Cir. 1988) (citing *The Barbed Wire Patent Case*, 143 U.S. 275, 284-85 (1892)). "'Throughout the history of the determination of patent rights, oral testimony by an alleged inventor asserting priority over a patentee's rights is regarded with skepticism, and as a result, such inventor testimony must be supported by some type of corroborating evidence.'" *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998) (citing *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993)). If the alleged pieces of prior art disclose to the public certain details of the asserted patent prior to the issuance of the asserted patent, then the documents that disclose such details are themselves the best evidence of anticipation or obviousness; prior invention cannot be demonstrated by testimony alone. Samsung has identified nothing about the alleged "prior artists" that requires supporting testimony.

There is no indication that any of Samsung's alleged third-party witnesses have any relevant information or any "indication that [Samsung's alleged third-party witness are] actually unwilling to testify." *Microspherix*, 2012 WL 243764, at *5 (denying transfer). RSRI "on the other hand, specifically identifies [five] witnesses who live and reside in this District, who would similarly be outside the subpoena power of the Northern District of California." Lo Dec. Ex. N (*Advanced Ground*) at 7 (denying transfer). As a result, this factor also favors denial.

    4.      *The relative ease of access to sources of proof and the locations of documents favors RSRI.*

RSRI possesses—in this District—documents related to the patent in suit, documents regarding patents related to the patent in suit, documents related to RSRI's business, documents related to licensing, and communications related to the patent at suit. In contrast, Samsung does not claim that any of its documents are kept in the Northern District of California. [DE 43] at 18; [DE 44-1] at ¶ 4. As discussed *supra*, Google Android is "an open-source software stack" which is publicly-available anywhere in the United States. Lo Dec. Ex. R. Even though "[p]roducing documents and other files for litigation…is not usually a burdensome ordeal due to technological advancements, such as electronic document-imaging and retrieval," and this factor has limited applicability in modern litigation, the only identified documents are in this District. *Game Controller Tech. LLC v. Sony Computer Entertainment Am. LLC*, 994 F. Supp. 2d 1268, 1274 (S.D. Fla. Jan 10, 2014) (Altonaga, C.) (finding factor does not support transfer).

    5.      *The relative financial means of the parties weigh against transfer.*

Samsung does not address this factor and thus must concede it does not favor transfer. For the third quarter of 2014, Samsung has had more than $45,162,107,000 in revenue. Lo Dec. Ex. S. RSRI is run by its inventor. It is beyond question that Mr. Rothschild's ability to finance litigation pales in comparison to one that employs thousands of employees.

    6.      *Other practical problems weigh against transfer.*

RSRI moved to consolidate this case with the first-filed case.[5] That motion was denied because it was not filed in the first-filed case. [DE 35].  The Court further noted that "if this case is not consolidated with the others filed by Plaintiff in this District, the Court will certainly consider any claim construction order entered in the first instance." *Id.*  To allow transfer of this

---

[5] RSRI filed motions to consolidate in each case so that each Defendant would have an opportunity to respond.

case would divest RSRI of this this Court's consideration of any claim construction order in this District and prevent consolidation in this District. This would "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts [and would lead] to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). "[T]he existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (*quoting In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). This consideration is "paramount" because "transferring this action would cause significant judicial inefficiency include[ing] requiring witnesses to testify in two places, and different judges to rule on claim construction and other issues." Lo Dec. Ex. O (*Brandywine Commc'n*) at 15-16; *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010) (denying petition for mandamus when "the district court correctly held a denial of transfer would produce gains in judicial economy"). Transfer of the case against Samsung would require not only RSRI to duplicate work, but would tax at least another judge in the Northern District of California with a claim construction hearing and duplicative motion practice. This paramount consideration weighs strongly against transfer.

Samsung invites the Court to ignore these practical considerations because "all but defendant Nokia have moved for transfer to the Northern District of California." [DE 43] at n. 5. While some of the defendant groups have sought transfer, none of those transfer motions have any merit in light of RSRI's significant connections to this District. Simply because multiple defendants prefer improper transfer does not require courts on two coasts to undertake duplicative efforts and risk inconsistent rulings.

Moreover, Florida has "'very strong interest' in providing a forum for its residents to obtain relief from nonresidents causing injuries in Florida." Lo Dec. Ex. N (*Advanced Ground*) at 8 (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008)). These considerations weigh against transfer.

      *7.      The balance of transfer factors show transfer is inappropriate.*

By virtue of Mr. Rothschild's long-standing connections here, Plaintiff's choice of venue weighs against transfer. So does the convenience of the parties and witnesses, as RSRI's witnesses have personal obligations that would be significantly impeded by transfer and Samsung has not identified any credible and necessary witnesses in the Northern District of California that may have knowledge of infringement or damages. Samsung has identified no credible third-party witnesses from which testimony is required that could not be compelled to trial in the Southern District of Florida, while RSRI has identified five which could not be compelled to attend trial in California, which again weighs against transfer. Samsung's significant size weighs against its claims of inconvenience, which also favors retaining the case here. Finally, this Court has a strong interest in preventing judicial inefficiencies necessitated by transfer. The relative access to documents and proof is also against transfer. After weighing all these favors, the scales tip strongly in favor of retaining the case.

**B.     Samsung's cited cases are distinguishable.**

The § 1404 transfer inquiry is factually-intensive and requires analysis of several factors. Samsung's cited cases involve vastly different facts than the present case, and are inapplicable here. Many involve transfer from the Eastern District of Texas where neither party had a

connection there,[6] and the other cases were cited for a proposition that does not apply to this

case:

- *In re Google Inc.*, No. 2014-147 (Fed. Cir. Oct. 9, 2014) (non-precedential) (reversing denial of stay order from E.D. Tex. where plaintiff's "primary operations are run out of Canada" and the only witnesses in the E.D. Tex. "work as counsel" for plaintiff);

- *In re Microsoft Corp.*, 630 F.3d 1361, 1362 (Fed. Cir. 2011) (reversing denial of transfer order from E.D. Tex. where inventor and managing member were in the United Kingdom, but had recently formed an office in the E.D. Tex.);

- *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (reversing denial of transfer order from E.D. Tex. where plaintiff "transported copies of its patent prosecution files from Michigan to its Texas office space, which it shares with another of its trial counsel's clients," plaintiff was "a Michigan limited liability company," and "the sole inventor" and "prosecuting attorney" were located in Michigan.);

- *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (reversing denial of transfer order because "no witnesses reside within the Eastern District of Texas");

- *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1335 (Fed. Cir. 2009) (reversing denial of transfer order from E.D. Tex. because plaintiff was based in California and defendant was based in North Carolina);

- *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1196-97 (Fed. Cir. 2009) (reversing denial of transfer order from E.D. Tex. where plaintiff was organized under Ohio law and had a principal place of business in Dublin);

- *Grail Semiconductor, Inc. v. Stern*, No. 12-60976-Civ-SCOLA (S.D. Fla. May 21, 2013) (granting transfer of fraudulent stock transfer case because plaintiff was a California corporation that did not file suit in its "home forum," individual pro se defendant was a California citizen, and plaintiff "admittedly forum shopped for what it perceived to be a less busy district.");

- *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1273 (S.D. Fla. 2013) (plaintiff "identifies no Florida employees whose testimony will be required in discovery or at trial");

- *Mayfonk, Inc. v. Nike, Inc.*, No. 13-60755-CIV-MIDDLEBROOKS (S.D. Fla. June 18, 2013) (exhibit) ("Defendant's sole ties to this District are based on its sale of infringing products" and "Plaintiff entered into an agreement with Defendant, which contained a forum selection clause that designated [the transferee forum] as the chosen forum."); and

---

[6] Notably, the Federal Circuit applies the law of the regional circuit when evaluating transfer orders and thus Federal Circuit opinions arising out of the Fifth Circuit have no applicability in the Eleventh Circuit. *See, e.g.*, *In re Mayfonk, Inc.*, 554 Fed. Appx. 943, 944 (Fed. Cir. 2014) ("we apply the law of the regional circuit').

- *Returns Distrib. Specialists, LLC v. Playtex Prods., Inc.*, No. 02-1195-T (W.D. Tenn. May 28, 2003) ("Defendant does not have an office or agents in this district"; "Plaintiffs have not shown that [defendant] has transacted business in this district. Defendant's only contacts with this district were telephone and mail communications.").

In contrast to all of these cases, RSRI, its inventor, its prosecution files, its prosecution attorneys, and its accountant are in this District. Samsung's motion to transfer should be denied.

**C.    To the extent the Court considers transfer, it should do so only after claim construction.**

To the extent the Court finds that transfer is appropriate, it should follow a line of cases that abates transfer until after claim construction in this Court or in this District to mitigate judicial inefficiencies. "[R]etain[ing] this case until [the] claim construction opinion" serves two "important" purposes: "First, it conserves judicial resources by requiring only one district court to address the disputed claim terms, and second, it eliminates the risk of inconsistent claim construction." *Acqis LLC v. EMC Corp.*, No. 6:13-cv-00638-LED, 2014 WL 5485900, at *5 (E.D. Tex. Sept. 10, 2014). "The claim construction process is one of the most difficult and time-consuming aspects of a patent case…. [R]etaining the Transferring Defendants through the Markman phase conserves limited judicial resources." *PersonalWeb Tech., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-00655-LED, 2013 WL 9600333, at *23 (E.D. Tex. Mar. 21, 2013); *see also Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-00400-JRG, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (noting defendants "may for a joint defense group" and that "depositions and discovery are coordinated for common issues arising in all the related cases").

To the extent the Court considers transferring this case against Samsung, it should do so only after the *Markman* hearing. All of the evidence related to claim construction is located in this District: the inventor, the prosecution counsel, and the prosecution files. As a result, the case should be maintained in this District at least through the *Markman* hearing.

### III.    CONCLUSION

Based on the foregoing, Plaintiff requests that Samsung's Motion to Transfer Venue [DE 43] be denied. In the alternative, ruling on the motion should be held in abeyance pending a determination on claim construction.

Dated: December 22, 2014               Respectfully submitted,

                                       DIAZ REUS & TARG, LLP
                                       100 Southeast Second Street
                                       3400 Miami Tower
                                       Miami, Florida 33131
                                       Telephone: (305) 375-9220
                                       Facsimile: (305) 375-8050

                                       */s/Brant C. Hadaway*
                                       Michael Diaz, Jr.
                                       Florida Bar No. 606774
                                       E-mail: mdiaz@diazreus.com
                                       Brant C. Hadaway
                                       Florida Bar No. 494690
                                       E-mail: bhadaway@diazreus.com
                                       Xingjian Zhao
                                       Florida Bar No. 86289
                                       E-mail: xzhao@diazreus.com

                                       *Counsel for Plaintiff*

                                                – AND –

                                       Michael W. Shore
                                       Texas Bar No. 18294915
                                       E-mail: mshore@shorechan.com
                                       Alfonso G. Chan
                                       Texas Bar No. 24012408
                                       E-mail: achan@shorechan.com
                                       Dustin R. Lo
                                       Texas Bar No. 24087937
                                       E-mail: dlo@shorechan.com
                                       SHORE CHAN DEPUMPO LLP
                                       901 Main Street, Suite 3300
                                       Dallas, Texas 75202
                                       Telephone: (214) 593-9110
                                       Facsimile: (214) 593-9111

                                       *Of Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 22nd day of December, 2014, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

document is being served this day on all counsel of record identified on the Service List below in

the manner specified, either via transmission of Notice of Electronic Filing Generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronics Filing.


*/s/Brant C. Hadaway*
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

<u>**SERVICE LIST**</u>

David C. Banker
Anne-Leigh Moe
Bush Ross, P.A.
1801 North Highland Avenue
P.O. Box 3913
Tampa, FL 33601
dbanker@bushross.com
amoe@bushross.com
jgill@bushross.com (asst – Janet Gill)


FISH & RICHARDSON P.C.
Wasif Qureshi
Admitted Pro Hac Vice
E-mail: Qureshi@fr.com
1221 McKinney Street
Suite 2800
Houston, Texas 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

FISH & RICHARDSON P.C.
Michael J. McKeon
Admitted Pro Hac Vice
E-mail: McKeon@fr.com
1425 K Street
11th Floor
Washington, DC 20005
Telephone: 202-783-5070

*Counsel for Defendants*
*Samsung Electronics Co. Ltd.,*
*Samsung Electronics America, Inc.,*
*and Samsung Telecommunications*
*America*