UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22653-CIV-ALTONAGA/O'Sullivan

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

 Plaintiff,
v.

**SAMSUNG ELECTRONICS CO., LTD.**, *et al.*,

 Defendants.
_____/

## ORDER

  **THIS CAUSE** came before the Court on Defendants, Samsung Electronics Co., Ltd. ("Samsung Electronics"); Samsung Electronics America, Inc. ("SEA"); and Samsung Telecommunications America, LLC's ("STA['s]") (collectively, "Samsung['s]") Motion to Transfer Venue . . . ("Motion") [ECF No. 43], filed December 3, 2014. The Motion requests this action be transferred pursuant to 28 U.S.C. section 1404(a) from this District to the United States District Court for the Northern District of California. The Court has carefully reviewed the Motion; Plaintiff, Rothschild Storage Retrieval Innovations, LLC's ("RSRI['s]") Opposition . . . [ECF No. 45], filed December 22, 2014; Samsung's Reply . . . [ECF No. 47], filed January 2, 2015; supporting exhibits; the record; and applicable law.

  RSRI filed seven lawsuits in this District on July 16, 2014: this case and six others against various electronics companies operating in the mobile phone industry.[1] According to

---

[1] These cases are: *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (USA) Inc.*, Case No. 14-22652-Civ-BB (the "*Sony* Case"); *Rothschild Storage Retrieval Innovations, LLC v. LG Elecs., Inc., et al.*, Case No. 14-22654-Civ-DPG (the "*LG* Case"); *Rothschild Storage Retrieval Innovations, LLC v. HTC Corp., et al.*, Case No. 14-22655-Civ-KMW (the "*HTC* Case"); *Rothschild Storage Retrieval Innovations, LLC v. Nokia, Inc.*, Case No. 14-22657-Civ-DPG (the "*Nokia* Case"); *Rothschild Storage Retrieval Innovations, LLC v. Apple Inc.*, Case No. 14-22658-Civ-MGC (the "*Apple*

RSRI, this case and the Related Cases concern infringement of "[t]he same patent," "[s]imilar infringing functionalities" of the accused products, and "the same asserted defenses" raised by the various defendants. (Motion for Consolidation . . . ("Mot. for Consolidation") 1–2 [ECF No. 34] (alterations added)). Defendants in five of these six cases have filed similar motions to transfer their respective actions to the Northern District of California. *See Sony* Case [ECF No. 30]; *LG* Case [ECF No. 29]; *HTC* Case [ECF No. 20]; *Apple* Case [ECF No. 16]; *Motorola* Case [ECF No. 35].

The patent at issue in this case and the Related Cases — U.S. Patent No. 8,437,797, entitled "Wireless Image Distribution System and Method" (the "Patent") — relates to a method of wirelessly distributing digital photographic images from one device to another. (*See* Second Amended Complaint ("SAC") ¶¶ 15, 19 [ECF No. 42]; SAC, Ex. A [ECF No. 42-1]). In this case, the accused products are certain Samsung mobile phones and devices (the "Accused Products")[2] whose allegedly infringing functionalities allow users to "shar[e] a group of photos based on their geographic location within their 'Locations' album to another mobile device." (SAC ¶ 19 (alteration added)). The Accused Products have these allegedly infringing functionalities at least in part because they run on either Android or Windows operating systems. (*See id.*; Mot. for Consolidation 3–4; Mot. 3–4 & n.1). Non-party Google, Inc. ("Google") developed the Android operating system, and non-party Microsoft developed the Windows operating system. (*See* Mot. 3 & n.1; Declaration of Abeer Dubey . . . ("Dubey Decl.") ¶ 5 [ECF No. 44-10]).

---

Case"); *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, Case No. 14-22659-Civ-RNS (the "*Motorola* Case") (collectively, the "Related Cases").

[2] The Accused Products identified thus far are "Android devices such as Samsung's Galaxy S5, S4, S3, Note III, Note II, Tab 3, and Tab 2; and Windows devices such as Samsung's ATIV S Neo." (SAC ¶ 19).

CASE NO. 14-22653-CIV-ALTONAGA/O'Sullivan

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Once a court finds an action could have been brought in the transferee forum,[3] the court "must weigh various factors . . . to determine if a transfer . . . is justified." *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (alterations added; citation omitted). Courts should consider at least the following private and public interest factors to determine whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted); *see also Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002).

On January 14, 2015, the court in the *Sony* Case transferred the case to the Northern District of California, finding that forum "significantly more appropriate" than this District. (*See Sony* Case [ECF No. 45] ("*Sony* Decision") 12–13).[4] Aside from a few non-dispositive factual differences, addressed below, the facts and venue issues in the *Sony* Decision are substantially the same as the facts and venue issues in this case. The Court thus adopts in all relevant respects the reasoning of the *Sony* Decision and finds transfer of this case to the Northern District of California is warranted.

---

[3] The parties in this case do not dispute that this case "might have been brought" in the Northern District of California. (*See* Mot. 10–11; Opp'n 6). The Court agrees.

[4] On January 26, 2015, the court in the *HTC* Case transferred the *HTC* Case to the Northern District of California, adopting the reasoning in the *Sony* Decision. (*See HTC* Case [ECF No. 35]). On January 30, 2015, the court in the *Apple* Case transferred the *Apple* Case to the Northern District of California. (*See Apple* Case [ECF No. 51]).

Samsung Electronics is a corporation organized under the laws of the Republic of Korea, with its principal place of business located in Seoul, South Korea. (*See* Answer . . . ("Answer") ¶ 44 [ECF No. 46]).[5] Not surprisingly, "[t]he majority of Samsung's employees with potentially relevant technical knowledge reside in South Korea." (Mot. 4 (alteration added); *see also* Declaration of Kihyung Nam ("Nam Decl.") ¶ 5 [ECF No. 44-1]). While Samsung points out South Korea is about 2,000 miles and three time zones closer to the Northern District of California than it is to the Southern District of Florida (*see* Mot. 4), Samsung employees will be required to travel a significant distance regardless of whether this litigation proceeds in this District or in the Northern District of California. Nevertheless, "[w]hen one set of witnesses 'will be required to travel a significant distance no matter where they testify and there are a substantial number of witnesses residing within the transferee venue who would be unnecessarily inconvenienced by having to travel away from home' this factor should favor transfer." *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1274 (S.D. Fla. 2014) (alteration added; brackets and ellipsis omitted) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)). As explained below, a substantial number of witnesses within or close to the Northern District of California would be unnecessarily inconvenienced by having to travel to the Southern District of Florida.

First, Samsung has other employees in the Northern District of California involved in mobile phone research and design who may have knowledge relevant to RSRI's infringement allegations. (*See* Mot. 4; Nam Decl. ¶ 6; Reply 3; Declaration of Mira Choe ¶¶ 5–6 [ECF No. 48-1]). Meanwhile, although Samsung's Accused Products are sold in this District, Samsung has

---

[5] SEA, a wholly owned subsidiary of Samsung Electronics, is a New York corporation with its principal place of business located in Ridgefield Park, New Jersey. (*See* Answer ¶ 45; SAC ¶ 3). Defendant STA was a Delaware LLC located in Texas, but STA has since merged into SEA. (*See* Answer ¶ 46; STA's Supplemental Rule 7.1 Corporate Disclosure Statement [ECF No. 49]).

no mobile phone research and design facilities or any relevant employees in this District. (*See* Mot. 4, 11 n.4; Nam Decl. ¶ 4). The Southern District of Florida is hardly a convenient venue for Samsung witnesses.

This District is just as inconvenient for many potential third-party witnesses. As in the *Sony* Case, some of the Accused Products in this case run on an Android operating system, which is developed by Google in the Northern District of California. (*See* Mot. 3; Dubey Decl. ¶ 5). The other Accused Products in this case run on a Windows operating system. (*See* Mot. 3 n.1). Microsoft, the developer of Windows, is based in Redmond, Washington, which lies significantly closer to the Northern District of California than to this District. (*See id.*). The Accused Products have their allegedly infringing functionalities at least in part because they run on Android and Windows operating systems, and therefore documents and witnesses from Google and Microsoft located in or near the Northern District of California will very likely be necessary in this action. (*See id.* 3–4 & n.1; Dubey Decl. ¶¶ 5–8; Reply 1, 5–6). Samsung identifies an additional 16 potential third-party witnesses, all of whom are either academics or inventors who reside in or close to the Northern District of California and have knowledge relevant to the issues in this case. (*See* Mot. 6–8; Declaration of Anne-Leigh Gaylord Moe . . . [ECF No. 44], Exs. 17–31).

RSRI makes other unavailing arguments. RSRI identifies certain individuals employed by Samsung in Texas and in New Jersey, who RSRI claims are potential witnesses located closer to this District than to the Northern District of California. (*See* Opp'n 4–5, 10–11). Yet, as Samsung points out, RSRI gives no explanation as to how these individuals could testify about the Accused Products' allegedly infringing features. (*See* Reply 4). RSRI also asserts Samsung sent communications to this District when corresponding with RSRI concerning the parent of the

Patent in the fall of 2012. (*See* SAC ¶ 20; Opp'n 8). But even assuming the truth of these allegations, which Samsung does not admit (*see* Answer ¶ 20), such minor correspondence does not upset the balance of factors that weighs heavily in favor of transfer. Finally, RSRI notes there are Google employees located in the Southern District of Florida (*see* Opp'n 12), but as it turns out, these employees are a six-person sales team that likely has no knowledge relevant to this dispute. (*See* Reply 6–7; Declaration of Frank Wagner . . . ¶ 4 [ECF No. 48-8]). RSRI further argues these employees' presence in this District means relevant Google employees in the Northern District of California could be compelled to testify in this District. (*See* Opp'n 12; Reply 7). Even assuming that was true, it would not meaningfully shift the balance of factors in the transfer analysis. After all, Google employees in the Northern District of California could also be compelled to testify in the Northern District of California, and the various other potential third-party witnesses on the West Coast still could not be compelled to testify in this District.

Balancing the foregoing findings together with the relevant findings in the *Sony* Decision, the Court finds the Northern District of California is a significantly more convenient forum than this District. Samsung has met its burden to show transfer is warranted. Accordingly, it is

**ORDERED AND ADJUDGED** that Samsung's Motion **[ECF No. 43]** is **GRANTED**. The Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Northern District of California for all further proceedings. The Clerk is further instructed to mark this case as **CLOSED** in this District, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of February, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record